Hon. Richard A. Berman Director Department of Health Office of Health Systems Management
This is in response to your request for my opinion in regard to the applicability of the Public Officers Law to former employees of the Department of Health who have assumed positions in the health care industry which is regulated by that Department. Specifically, you seek clarification of the effect of such law on two former employees and pose the following questions: (1) whether the assumption of their present positions conflicts with any statute or regulation and (2) whether there are any limitations of which the Department should be aware in future contacts with these former employees.
The January 17 letter, as supplemented by the March 5, 1979 letter from Melinda Bass, Acting Counsel, contains the following statements relating to this matter. A former counsel to the Department who served in such capacity from February, 1977 to January 3, 1979 is now associated with a law firm which represents a substantial number of clients before the Office of Health Systems Management. Among these are the operators and creditors of Kings Harbor Nursing Home, a client interested in becoming a nursing home operator (as receiver or permanently), a residential health care facility in Brooklyn interested in a medicaid rate appeal, and clients interested in filing an establishment application for the unopened Holland Care Center in the Bronx. While he was counsel to the Department, he was primary author of the Kings Harbor Nursing Home receiver agreement. Recently he called the Department on behalf of creditors of Kings Harbor Nursing Home and another member of his firm advised the Department that the firm represents the operators of the home in the ongoing negotiations of the receiver agreement. Neither letter gives any facts about the former counsel's concern with or participation in any of the other matters in which his firm represents clients before the Department. A former Deputy Director of the Division of Health Care Financing who served in such capacity from September 13, 1976 to January 3, 1979, is now Director of Fiscal Service for the Westchester County Medical Center. There are no facts about any matters now pending before the Department in which he will be acting for his new employer.
The portion of the Public Officers Law applicable to both of these former employees is section 73(7). It does not prohibit either from assuming his new job. However, it does prohibit each, for two years after termination of his employment with the Department from appearing or receiving compensation on behalf of anyone in relation to any case, proceeding or application with which he was directly concerned and in which he personally participated during his employment. A knowing and intentional violation of subdivision 7 is a misdemeanor. Section 73(10). Thus, under the law, the former counsel cannot appear or receive compensation on behalf of anyone in relation to the Kings Harbor Nursing Home receivership because he was directly concerned with and personally participated in it during his previous employment by the Department. The prohibition does not extend to his law firm so long as he does not share in resulting profits. Public Officers Law, § 73(9).
In future contacts with both of these employees the Department should be advised that both are prohibited by statute from either appearing or receiving compensation for services rendered, on behalf of anyone, for two years after termination of their employment, in relation to any case, proceeding, or application with which they were directly concerned and in which they personally participated during their government service. See 1962 Op Atty Gen 49.
Subdivision 7 also provides that no person who has served as the head of a State department which is a regulatory agency or a deputy thereof shall receive compensation which is dependent or contingent upon any action by the agency with respect to any license, contract, certificate, ruling, decision, opinion, rate schedule, franchise or other benefit for services rendered within a period of two years after his resignation. Whether this prohibition applies to either of the individuals about whom you write is a question of fact to be determined by your agency.
Consideration should also be given to the final provision of subdivision 7, which authorizes the Department of Health to adopt rules concerning practice before it by former officers or employees which are more restrictive than the requirements of the subdivision itself in view of the apparent frequency with which former members of your supervising staff return to deal with their subordinates.